UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

February 28, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Melissa B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-661-BAH

Dear Counsel:

Plaintiff Melissa B. filed a motion seeking payment of $9,419.90 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF 16, at 6. The Commissioner opposes the request and argues that the Court should "omit 1.5 hours of attorney work as clerical or non-compensable reviews of routine, boilerplate notices; and approximately 16 attorney hours of the time spent excessively on the review of the record, resulting in an award within the heartland of approximately $5,379.50." ECF 18, at 6. Plaintiff filed a reply reiterating the request for $9,419.90 and citing to, as Plaintiff did in her initial motion, *Michell v. Comm'r*, DKC-16-359, 2016 WL 6802834 (D. Md. Nov. 17, 2016), as supportive of the argument that a request for compensation for 40.8 hours "is within a range ordinarily considered to be reasonable." ECF 19, at 2. I have considered the relevant filings and find that no hearing is necessary. *See* Loc. R. 105. (D. Md. 2021). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $6,303.02 in fees.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the Court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412)).

Once the District Court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, it must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Further, the District Court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the

*Melissa B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 22-661-BAH
February 28, 2023 Letter Opinion on EAJA Fee Request
Page 2

EAJA. ECF 18, at 1. The Commissioner agrees with Plaintiff's proposed hourly rates of $230.88 per hour for attorney work performed in 2022. *Id.* at 1. The Commissioner contends, however, that Plaintiff seeks compensation for tasks that were "not reasonably expended and are not properly billable." *Id.* The Commissioner also notes that the requested fee award "is well outside the 'heartland' of recent fee awards in this District for similar cases." *Id.* at 3. I will address the Commissioner's objections below.

The Commissioner first argues that the time billed to review the certified record and take notes is excessive. ECF 18, at 3. "Most notably," the Commissioner argues, "Plaintiff expended 26.6 attorney hours on May 17, July 7-8, July 11-12, 2022, reviewing the file which is 16.4 hours more than the 10.2 hours spent researching issues and drafting the arguments and the two page statement of the case." *Id.*

I note that a large portion of Plaintiff's memorandum—roughly 5 pages—includes a summary of medical evidence and opinion evidence compiled from the record. ECF 10-2, at 6–11. It is well known in this District that a "detailed synopsis of the medical evidence of record . . . provides little assistance to the Court's adjudication." *Baylis v. Colvin*, No. SAG-11-3674, 2014 WL 2738274, at *3 (D. Md. June 13, 2014); *April J. v. Kijakazi*, No. 21-1584-BAH, 2022 WL 4017381, at *3 (D. Md. Sept. 2, 2022). This section of Plaintiff's memorandum amounts to an index of Plaintiff's medical conditions, a largely clerical task that courts have declined to find compensable under the EAJA. *See Hooper v. Saul*, No. 3:20-CV00074-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021). Plaintiff's inclusion of this information is mitigated by the fact that the brief relies heavily on reference to this medical information, more so than in other briefs of this kind given the nature of Plaintiff's main argument that the Administrative Law Judge in this case failed to "properly evaluate the medical opinions of Plaintiff's treating providers." ECF 10-2, at 2. However, multiple pages in Plaintiff's brief in support of summary judgment include repeated reference to the same medical opinions.

Plaintiff's counsel also fails to specifically delineate what portions of the brief counsel seeks compensation for drafting and instead refers generally to the drafting and editing of the brief on July 13 and 14 for 10.2 hours. ECF 16-1, at 1. As such, I am left to only guess at how long it took to copy and paste portions of the brief from filings in other cases for the "authorities" section or to compile the medical records included in the "opinion evidence" and "argument" sections of Plaintiff's brief. ECF 10-2, at 4–11. I agree with the Commissioner that the time spent researching and drafting Plaintiff's brief is excessive, particularly since several pages of the brief are copied, verbatim, from other filings drafted by Plaintiff's counsel. *Compare* ECF 10-2, at 4–6, *with* Plaintiff's Memorandum in Support of Motion for Summary Judgment at 3–5, *Deborah T. v. Kijakazi*, No. 21-858-BPG (D. Md. filed Oct. 11, 2021), ECF 12-2.[1] I will therefore reduce the requested compensation by 3 hours to account for excessive time added to these sections.

---

[1] Given the nature of SSA appeals, there is nothing improper about recycling suitable arguments from earlier filings. However, Plaintiff must obviously discount the time spent drafting a brief for time saved through the efficient use of the copy and paste function.

*Melissa B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 22-661-BAH
February 28, 2023 Letter Opinion on EAJA Fee Request
Page 3

Plaintiff is also similarly vague as to how 24.4 hours were spent to "review," "research," and perform "issue identification." ECF 16-1, at 1.[2] Plaintiff's brief includes relatively little legal research since it relies on repeated reference to the record, not caselaw or regulations. I also see little distinction between where counsel seeks compensation for the review of medical information in the record and where that information is then added to Plaintiff's brief as argument. *See Catisha W. v. Kijakazi*, No. CV 21-1567-BAH, 2022 WL 16839564, at *3 (D. Md. Nov. 9, 2022). At minimum, Plaintiff has failed to explain what portion of these hours are devoted to what specific tasks. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) ("Litigants take their chances by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent."); *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. July 17, 2000) ("A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Plaintiff's counsel concedes that the issues at the heart of this case were not "novel," but argues that they were still "complex." ECF 19, at 2. Plaintiff argues that "this was one of the first cases presenting for judicial review based on the new medial opinion evidence rules, set forth at 20 C.F.R. § 404.1520c, which significantly changed how opinion evidence is evaluated by the ALJ." *Id.* Plaintiff is correct that the cited regulation did enact substantial revisions to the evaluation process of medical opinion evidence. However, the "new" regulations were enacted in 2017, and there is ample caselaw interpreting them. Indeed, Plaintiff's counsel has previously written on this very same regulation in several other cases in this Court. *See, e.g.*, Plaintiff's Memorandum in Support of Motion for Summary Judgment, *Deborah T.*, No. 21-858-BPG (D. Md. filed Oct. 11, 2021), ECF 12-2; Plaintiff's Memorandum in Support of Motion for Summary Judgment, *Senora M. v. Kijakazi*, No. 21-857-BPG (D. Md. filed Nov. 23, 2021), ECF 16-2; Plaintiff's Memorandum in Support of Motion for Summary Judgment, *Dwayne R. v. Comm'r*, 20-2131-BPG (D. Md. filed Feb. 16, 2021), ECF 16-2. Nor does *Mitchell* support Plaintiff's request. In that case, Judge Gallagher determined that 32.98 hours spent "preparing and drafting" a motion for summary Judgment was excessive despite noting that 20–40 hours is typical for Social Security appeals. *Mitchell*, 2016 WL 6802834 at *2. In reducing the award for attorney's fees, the Court determined that the plaintiff had "failed to establish that any of the legal or factual issues involved were unique or novel, particularly in light of Counsel's extensive expertise." *Id.* Plaintiff's counsel heads a law firm that has a vast and successful practice in this distinct subject area. Accordingly, despite the length of the administrative record in the case, I find that reasonable attorney's fees for this case fall within the middle of the range outlined in *Mitchell*. *Id.* As such, the Court agrees that a reduction is warranted on this ground and will reduce Plaintiff's request by

---

[2] Plaintiff seeks 5.8 hours for "[r]eview of file; issue identification," 6.0 hours for "[c]ontinued review of file with legal research," 6.6 hours for "[c]ontinued review of file," and 6 hours for "[f]inish file review[;] [b]egin first draft of brief." ECF 16-1, at 1. These hours total 24.4. It is unclear how much of the last entry was spent in "file review" and how much was spent preparing a "draft" of Plaintiff's brief. However, since Plaintiff already sought compensation for over 10 hours from drafting the brief, it is assumed the bulk of this time was spent performing file review.

*Melissa B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 22-661-BAH
February 28, 2023 Letter Opinion on EAJA Fee Request
Page 4

an additional 9 hours.

The Commissioner also argues that Plaintiff improperly billed ".3 hours . . . to prepare the complaint and related service documents." ECF 18, at 4. The Court agrees. "Social Security plaintiffs in this district have access to a form complaint, with just four blank spaces requiring insertion of (1) the place plaintiff resides, (2) the plaintiff's name, (3) the type of benefits that were denied, and (4) the date of the final administrative decision." *April J.*, 2022 WL 4017381, at *3 (citing *Sheridan v. Colvin*, No. JKB-15-10, 2015 WL 5897735, at *2 (D. Md. Oct. 5, 2015)). "That complaint requires limited factual information, incorporates no legal work, and could be completed by administrative staff in a matter of minutes." *Id.* Here, Plaintiff filed a boilerplate complaint and cover sheet that required counsel to add only Plaintiff's name, Plaintiff's county of residence, the date of the Commissioner's final decision on Plaintiff's claim, the last four digits of Plaintiff's Social Security number, and counsel's address. The EAJA does not permit billing for this type of "clerical work." *Sheridan*, 2015 WL 5897735, at *2; *see also King v. Colvin*, No. SAG-08-2382, 2014 WL 4388381, at *3 (D. Md. Sept. 4, 2014) ("The remainder of the 'attorney work' also either contains clerical components, such as logging a scheduling order into a system of electronically filing a motion, or consists largely of preparing and filing boilerplate documents, such as the one-page complaint."). Counsel will not be compensated for this time and the request will be reduced by 0.3 hours.

The Commissioner contends that Plaintiff's counsel improperly billed for "review of routine, boilerplate, and customary notices." ECF 18, at 5–6. Specifically, the Commissioner challenges the billing of "0.2 hours to confer with the Defendant re: voluntary remand; .5 hours to review the motion for remand and .5 hours to review the order granting motion to remand[.]" *Id.* Again, the Court agrees that these tasks "can only be described as clerical" and should "take mere seconds." *April J.*, 2022 WL 4017381, at *2 (citing *Allyssa L. v. Comm'r, Soc. Sec. Admin.*, No. MDLB-20-329, 2022 WL 171546, at *1 (D. Md. Jan. 14, 2022)). For example, Plaintiff's counsel seeks compensation for half an hour spent reviewing a two-sentence consent motion to remand. ECF 16-1, at 1. Curiously, Plaintiff's counsel also seeks compensation for a half-hour of time for the "[r]eceipt and review of Memorandum Order remanding case" and for "[c]ommunication to client re: same." *Id.* However, the consent motion for remand was granted by paperless order, *see* ECF 15, thus there was no "Memorandum Order" for counsel to review. Plaintiff's request will be reduced by an additional 1.2 hours.

With the above-noted reductions of 13.5 attorney hours in 2022, Plaintiff's requested compensation is reduced by $3,116.88 (13.5 × $230.88). The result is a final award of $6,303.02. Despite this reduction, counsel is advised that EAJA petitions of the reduced amount awarded still falls "significantly above the heartland of (and is sometimes more than double . . . the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture." *Shecona W. v. Kijakazi*, No. 21-819-SAG, 2023 WL 195471, at *3 (D. Md. Jan. 17, 2023) (quoting *Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022)) (awarding $4,941.85); *see also Catisha W.*, 2022 WL 16839564, at *3 (awarding $4,500.47 on November 9, 2022); *Duane H.*, 2022 WL 2532425, at *2 (awarding $4,836.00 on July 7, 2022); *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (D. Md. June 6, 2022) (awarding $4,538.22);

*Melissa B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 22-661-BAH
February 28, 2023 Letter Opinion on EAJA Fee Request
Page 5

*Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (D. Md. May 16, 2022) (awarding $2,136.03); *Gregory J. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-236 (D. Md. May 18, 2022) (awarding $2,246.14); *Tracy B. v. Comm'r, Soc. Sec. Admin.*, No. BAH-22-183 (D. Md. June 1, 2022) (awarding $1,500.00); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (D. Md. June 1, 2022) (awarding $4,700.00); *Taneicia L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2347 (D. Md. June 23, 2022) (awarding $4,093.70); *Wendy O. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-1614 (D. Md. June 23, 2022) (awarding $4,526.92); *Ashley F. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-872 (D. Md. June 27, 2022) (awarding $2,718.68); *Darrell L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-744 (D. Md. June 27, 2022) (awarding $2,168.16); *Michael T. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2050 (D. Md. June 22, 2022) (awarding $4,325.65); *Christy Y. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2330 (D. Md. June 23, 2022) (awarding $4,242.32); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-929 (D. Md. June 22, 2022) (awarding $4,460.20).

For these reasons, Plaintiff's Motion for Attorney's Fees will be GRANTED IN PART and DENIED IN PART and Plaintiff will be awarded $6,303.02 in fees. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge